IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DAVID KELLEY, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>(1) JOE COOPER FORD, a domestic )<br>limited liability company, )<br>)<br>Defendant. )<br>) | Case No. 13-cv-470-JHP-PJC<br><br>Removed from Tulsa County<br>District Court Case No. CJ-2013-02945 |

## NOTICE OF REMOVAL

Defendant, Joe Cooper Ford of Tulsa, LLC, incorrectly named as Joe Cooper Ford, a domestic limited liability company, by and through its undersigned attorney, pursuant to 28 U.S.C. § 1331, 1441 and 1446, hereby removes this action with full reservation of all defenses, gives notice of the removal of this action from the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma, and respectfully states as grounds for said removal:

1. Plaintiff, David Kelley commenced this case, styled *Kelley v. Joe Cooper Ford*, by filing a Petition on June 21, 2013, in the District Court for Tulsa County, Oklahoma civil action number CJ-2013-02945 on the docket of that Court.

2. Attached hereto and marked as Exhibit 1, is a true and correct copy of the Petition filed on June 21, 2013. A copy of the docket sheet is attached hereto as Exhibit 2. Said documents constitute all pleadings filed in said civil action designated as CJ-2013-02945 in the District Court of Tulsa County, Oklahoma.

3. Tulsa County is within the Northern District of Oklahoma. 28 U.S.C. § 116(a).

4. Jurisdiction of this action is based upon 28 U.S.C. §§ 1331, 1441 and 1446.

5. Defendant has not yet filed an answer or responsive pleading in the State Court Action. In filing this Notice of Removal, Defendant does not waive any defense or counterclaim that may be available.

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service upon Defendant of the Petition on July 11, 2013. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty day time period under removal statute begins to run from the date of formal service).

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441(b) because Plaintiff has asserted causes of action arising under federal statutes. In his Petition, Plaintiff alleges violations of the laws of the United States, specifically, the Family Medical Leave Act.

8. Additionally, supplemental jurisdiction may be exercised over Plaintiff's state-law claim that does not arise under federal law, because those claims are so related to his federal claims that they form part of the same case or controversy. 28 U.S.C. 1441(c); 28 U.S.C. § 1367(a). Plaintiff claims he was subject to outrageous conduct giving rise to emotional distress.

9. Pursuant to Rules 38 and 81 of the Federal Rules of Civil Procedure, Defendant requests a trial by jury of all matters and claims in the Petition to which it may be entitled.

10. A copy of this Notice of Removal is being filed with the Clerk of the District Court of Tulsa County, Oklahoma, and written notice of the same shall be given to Daniel E. Smolen, Lauren G. Lambright and Alexndra M. Lengen, attorneys for Plaintiff in this action.

WHEREFORE, Defendant, Joe Cooper Ford of Tulsa, LLC, incorrectly identified as Joe Cooper Ford, a domestic limited liability company in Plaintiff's Petition, hereby removes this case from the District Court of Tulsa County, Oklahoma, to this United States District Court for the Northern District of Oklahoma.

**JURY TRIAL DEMANDED**  Respectfully submitted,

*s/Kathryn D. Terry*
Kathryn D. Terry, OBA #17151
**PHILLIPS MURRAH P.C.**
Corporate Tower – 13th Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-4100
Facsimile:    (405) 235-4133
E-mail: kdterry@phillipsmurrah.com
*Attorneys for Defendant*
*Joe Cooper Ford of Tulsa, LLC*

## CERTIFICATE OF MAILING

I certify that a true and correct copy of the foregoing was mailed this 30th day of July, 2013, by depositing it in the U.S. Mail, postage prepaid to:

Daniel Smolen
Lauren Lambright
Alexandra Lengen
Smolen & Smolen P.L.L.C.
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74103
918/585-2667
***Attorneys for Plaintiff***

<u>*s/Kathryn D. Terry*</u>



DISTRICT COURT
**FILED**

JUN 21 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT FOR TULSA COUNT
STATE OF OKLAHOMA

DAVID KELLEY, an individual )
)
Plaintiff, )
) Case No. **CJ-2013-02945**
Vs. ) ATTORNEY LEIN CLAIMED
) JURY TRIAL DEMANDED
JOE COOPER FORD, a ) MARY F. FITZGERALD
domestic limited liability company, )
)
Defendant. )

### PETITION

COMES NOW the Plaintiff, David Kelley, by and through his attorneys of record, Daniel E. Smolen, Lauren G. Lambright and Alexandra M. Lengen, of *Smolen, Smolen & Roytman, PLLC,* and brings this action against the Defendant, Joe Cooper Ford, Inc., for violation of his rights arising out of his employment and termination by said Defendant. In support of his Petition, Plaintiff submits the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, David Kelley, is a resident of Tulsa County, State of Oklahoma.

2. Defendant, Joe Cooper Ford, is a domestic limited liability company organized under the laws of Oklahoma and regularly doing business in Tulsa County, State of Oklahoma.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

### FACTS COMMON TO ALL CLAIMS

1

**EXHIBIT**

1

5. Plaintiff, David Kelley, incorporates Paragraphs 1-5 as if realleged.

6. Plaintiff began his employment as a car salesman with Defendant in September 2011.

7. For over a year, Plaintiff worked diligently and successfully for Defendant and never received any complaints about his performance or disciplinary write-ups.

8. Plaintiff was an "eligible employee" as described by 29 U.S.C. §2611(2) of the FMLA. Plaintiff worked more than 1,250 hours during the twelve months prior to his need for leave at issue in this case.

9. Defendant is considered a "private employer" within the meaning of the FMLA. Through their agents and officers, Defendant directly and indirectly controlled Plaintiff's ability to take a leave of absence and return to his employment position with Defendant.

10. On January 7, 2013, Plaintiff had heart surgery and took time off work under the FMLA to recover from this major surgery.

11. Plaintiff attempted to return to work in February, but was not far enough along in his recovery, and once again had to take leave allowed under the FMLA to continue his recovery.

12. Plaintiff finally returned to work on March 1, 2013, fully recovered and ready to return to his position.

13. However, when he returned he was subject to a barrage of disparaging comments from his supervisors and management regarding his heart condition and his physical appearance.

2

14. On April 20, 2013, Plaintiff was unceremoniously terminated from employment with Defendant.

15. No reason was given for Plaintiff's termination, and he was never counseled about performance issues or disciplined in any other way.

16. Because he was never subjected to any discipline or counseled regarding performance issues, and he was treated differently and consistently insulted upon his return from FMLA leave, Plaintiff believes that his termination was in retaliation for his use of FMLA leave following his heart surgery.

### FIRST CLAIM FOR RELIEF: VIOLATION OF FMLA

17. Plaintiff, David Kelley, incorporates Paragraphs 1-16 as if realleged.

18. By treating the Plaintiff differently than other employees and terminating the Plaintiff in retaliation for the Plaintiff's exercise of his leave rights under the FMLA, the Defendant has violated the FMLA.

19. Through its actions, Defendant willfully failed to abide by their responsibilities under the FMLA without good cause and without reasonable grounds for believing that its acts and omissions were not in violation of the FMLA. Consequently, defendant is liable to Plaintiff for liquidated damages, costs and expenses.

20. As a direct result of Defendant's violation of his FMLA rights, Plaintiff has been prevented from working for Defendants until his planned retirement date, has lost wages and benefits, including future income and benefits, prospective retirement benefits, and other job rights. Consequently, Plaintiff has been harmed and suffered damages in excess of $75,000.

3

21. As a result of Defendant's failure to abide by the FMLA, Plaintiff has been forced to engage an attorney to bring this action and is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits;
b. Liquidated Damages;
c. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff, David Kelley, incorporates Paragraphs 1-21 as if realleged.

23. The Defendants' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-

4

pecuniary loss, liquidated damages, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

> Respectfully submitted,
> *SMOLEN, SMOLEN & ROYTMAN P.L.L.C.*
>
> _____
> Daniel E. Smolen, OBA# 19943
> Lauren G. Lambright, OBA# 22300
> Alexandra M. Lengen, OBA# 31132
> 701 South Cincinnati Avenue
> Tulsa, OK 74119
> P: (918) 585-2667
> F: (918) 585-2669
> *Attorneys for Plaintiff*

**OSCN** — THE OKLAHOMA STATE COURTS NETWORK — www.oscn.net

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| DAVID KELLEY,<br>    Plaintiff,<br>v.<br>JOE COOPER FORD,<br>    Defendant. | No. CJ-2013-2945<br>(Civil relief more than $10,000:<br>FMLA VIOLATION)<br><br>Filed: 06/21/2013<br><br>Judge: Fitzgerald, Mary |

### Parties

JOE COOPER FORD , Defendant
KELLEY, DAVID , Plaintiff

### Attorneys

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DANIEL E(Bar # 19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | KELLEY, DAVID |

### Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

### Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: FMLA VIOLATION (OTHER)
Filed by: KELLEY, DAVID
Filed Date: 06/21/2013
**Disposition Information:**

**Party Name:**

**Defendant:** JOE COOPER FORD            Pending.

### Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-21-2013 | TEXT | 1 | | 85848144 | Jun 21 2013 3:58:49:753PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 06-21-2013 | OTHER | - | | 85848146 | Jun 21 2013 4:16:35:903PM | Realized | $ 0.00 |
| | FMLA VIOLATION | | | | | | |

**EXHIBIT 2**

| Date | Code | | Receipt # | Timestamp | Status | Amount |
|---|---|---|---|---|---|---|
| 06-21-2013 | DMFE | - | 85848147 | Jun 21 2013 3:58:49:863PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | |
| 06-21-2013 | PFE1 | - | 85848148 | Jun 21 2013 4:13:07:223PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | |
| | 📄 Document Available (#1022174524) | | | | | |
| 06-21-2013 | PFE7 | - | 85848149 | Jun 21 2013 3:58:49:863PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | |
| 06-21-2013 | OCISR | - | 85848150 | Jun 21 2013 3:58:49:863PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | |
| 06-21-2013 | CCADMIN02 | - | 85848151 | Jun 21 2013 3:58:49:863PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | |
| 06-21-2013 | OCJC | - | 85848152 | Jun 21 2013 3:58:49:863PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | |
| 06-21-2013 | OCASA | - | 85848153 | Jun 21 2013 3:58:49:863PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | |
| 06-21-2013 | CCADMIN04 | - | 85848154 | Jun 21 2013 3:58:49:863PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | |
| 06-21-2013 | LTF | - | 85848155 | Jun 21 2013 3:58:49:973PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | |
| 06-21-2013 | SMF | - | 85848156 | Jun 21 2013 3:58:50:013PM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | |
| 06-21-2013 | SMIMA | - | 85848157 | Jun 21 2013 3:58:50:053PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | |
| 06-21-2013 | TEXT | - | 85848145 | Jun 21 2013 3:58:49:773PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE FITZGERALD, MARY TO THIS CASE. | | | | | |
| 06-21-2013 | ACCOUNT | - | 85848193 | Jun 21 2013 4:00:14:283PM | - | $ 0.00 |
| | RECEIPT # 2013-2625506 ON 06/21/2013. PAYOR:SMOLEN & SMOLEN TOTAL AMOUNT PAID: $218.70. LINE ITEMS: CJ-2013-2945: $168.00 ON AC01 CLERK FEES. CJ-2013-2945: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2013-2945: $0.70 ON AC31 COURT CLERK REVOLVING FUND. CJ-2013-2945: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2013-2945: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2013-2945: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2013-2945: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2013-2945: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | | | |

Report Generated by The Oklahoma Court Information System at July 29, 2013 10:25 AM

End of Transmission.